UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN FITZGERALD HENDERSON, SR.,

       Petitioner,

v.                                                 Case No:  6:16-cv-916-Orl-40KRS

SECRETARY, DEPARTMENT OF CORRECTIONS and ATTORNEY GENERAL, STATE OF FLORIDA,

       Respondents.
_____/

**ORDER**

THIS CAUSE is before the Court upon *sua sponte* review of the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2254. Petitioner currently has an appeal pending in the Fifth District Court of Appeal ("Fifth District") from the denial of his Rule 3.850 motion, which concerns the judgment and sentence under attack in this case. (Doc. 1 at 2-3, 6).

The Court must dismiss petitions that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Thus, when a federal habeas petition contains claims that are still pending in the state courts, and therefore unexhausted, the petition must be dismissed in order to provide the state courts with the opportunity to resolve the pending claims. *See Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir. 1983) ("[t]he principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing [Petitioner] to simultaneously pursue [his] appeal in Florida state court and [his] Section 2254 petition[] in federal court."). Having himself chosen to

pursue collateral relief in state court, Petitioner may not now simultaneously maintain a federal habeas petition. This case will be dismissed in light of the pending appeal in the Fifth District.[1]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. Petitioner's Motion to Stay Community Supervision (Doc. 2) is **DENIED** as moot.

4. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

---

[1] Further, the pending state proceeding might result in the reversal of Petitioner's conviction and eliminate the federal question, thereby rendering any decision by this Court moot and wasting precious judicial resources. There is no indication that excessive delay has violated his right to due process or rendered state process ineffective, and Petitioner has not shown that existing circumstances render his available state remedies ineffective to protect his rights.

The Court notes that the time during which Petitioner's claims are pending in the state courts in a properly filed application for collateral review is excluded from the one year period of limitation under 28 U.S.C. § 2244(d)(2). However, the Court is not making a determination as to whether any future federal habeas corpus petition filed by Petitioner will be deemed timely.

Copies furnished to:

Unrepresented Party